IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ORLANDO PAYNE,

    Petitioner,               No. CIV S-07-1913 WBS EFB P

    vs.

D. SISTO, Warden, et al.,

    Respondents.          ORDER

                              /

       Petitioner is a state prisoner without counsel seeking a writ of habeas corpus. *See* 28 U.S.C. § 2254.

       In his petition, petitioner claims that K. Telford, a Correctional Counselor who is also named as respondent, has placed false reports in petitioner's central file which accused petitioner of promoting gang activity and manufacturing weapons. He claims that these reports have caused him to suffer a longer disciplinary term and have put his life in danger. Petitioner seeks an injunction to stop K. Telford from placing false information in his central file.

       As a general rule, a challenge in federal court to the fact of conviction or the length of confinement must be raised in a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See Preiser v. Rodriguez,* 411 U.S. 475 (1973). A civil rights action, on the other hand, is appropriate for challenges to the conditions of an inmate's confinement. *Id*. at 499. Petitioner

1

seeks injunctive relief relating to conditions of his confinement, i.e., the filing of false reports into his central file. For the foregoing reasons, the petition is dismissed with leave to amend. Petitioner may file an amended petition seeking relief from the fact or duration of his confinement, or he may file instead a complaint in a civil rights action pursuant to 42 U.S.C. 1983, alleging violations of his constitutional rights and seeking injunctive relief therefrom.

Petitioner has requested that the court appoint counsel. There currently exists no absolute right to appointment of counsel in habeas proceedings. *See Nevius v. Sumner*, 105 F.3d 453, 460 (9th Cir. 1996). Further, should petitioner elect to file a civil rights complaint as suggested by the court, district courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request counsel voluntarily to represent such a plaintiff. 28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990). The court finds that there are no exceptional circumstances in this case. The court may appointment counsel at any stage of the proceedings "if the interests of justice so require." *See* 18 U.S.C. § 3006A; *see also*, Rule 8(c), Rules Governing Section 2254 Cases. The court does not find that the interests of justice would be served by the appointment of counsel at this stage of the proceedings.

Petitioner seeks leave to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(a). The court will defer ruling on petitioner's *in forma pauperis* application until such time as petitioner has filed either an amended petition or a civil complaint.

Accordingly, IT IS HEREBY ORDERED that:

1. The petition is dismissed;

2. Petitioner is granted a period of 30 days from the date this order is served in which to file either an amended petition or a civil rights action. The Clerk of the Court is directed to send to petitioner a copy each of the forms used in this court for the filing of an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and for the filing of a civil complaint pursuant to

42 U.S.C. § 1983.

3. Petitioner's September 14, 2007, and October 2, 2007, requests for appointment of counsel are denied without prejudice; and

4. The court defers ruling on petitioner's application to proceed in forma pauperis until such time as petitioner files an amended petition or a civil complaint.

Dated: October 11, 2007.

*[signature]*

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE