IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ORLANDO PAYNE,,

          Plaintiff,                No. CIV S-07-1913 WBS EFB P

    vs.

D. SISTO, et al.,

          Defendants.         <u>ORDER</u>

_____/

    Plaintiff is a state prisoner without counsel prosecuting a civil rights action.  <u>See</u> 42 U.S.C. § 1983.  He seeks leave to proceed *in forma pauperis*.  *See* 28 U.S.C. § 1915(a).  This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).  Although plaintiff filed his complaint on a preprinted form bearing the title Petition for Writ of Habeas Corpus, it is apparent from the text of his complaint that he is attempting to sue the named individuals under Section 1983, and is not seeking habeas corpus relief.  Accordingly, the court construes this action as a civil suit under 42 U.S.C. § 1983.

    Plaintiff's declaration makes the showing required by 28 U.S.C. § 1915(a)(1) and (2).

    Plaintiff must pay the $350 filing fee. *See* 28 U.S.C. §§ 1914(a), 1915(b)(1).  An initial partial payment of $.30 is assessed pursuant to section 1915(b)(1).  Plaintiff must make monthly payments of 20 percent of the preceding month's income credited to his trust account.  *See* 28

1

U.S.C. § 1915(b)(2).  The agency having custody of plaintiff shall forward payments from plaintiff's account to the Clerk of the Court each time the amount in the account exceeds $10 until the filing fee is paid.

The court has reviewed plaintiff's complaint and, for the limited purposes of § 1915A screening, finds that it states a cognizable claim against defendants Fregoso and Barocio. *See* 28 U.S.C. § 1915A.

The complaint does not state a cognizable claim against defendants Sisto, Singh, Terrazas, Dechant, or Cervantes.

Plaintiff may proceed forthwith to serve defendants Fregoso and Barocio and pursue his claims against only those defendants or he may delay serving any defendant and attempt to state a cognizable claim against defendants Sisto, Singh, Terrazas, Dechant, or Cervantes.

If plaintiff elects to attempt to amend his complaint to state a cognizable claim against defendants Sisto, Singh, Terrazas, Dechant, or Cervantes, he has 30 days so to do.  He is not obligated to amend his complaint.

If plaintiff elects to proceed forthwith against defendants Fregoso and Barocio, against whom he has stated a cognizable claim for relief, then within 20 days he must return materials for service of process enclosed herewith.  In this event the court will construe plaintiff's election as consent to dismissal of all claims against defendants Sisto, Singh, Terrazas, Dechant, or Cervantes without prejudice.

Any amended complaint should not be filed on the form for filing Habeas petitions. Moreover, it must show that the federal court has jurisdiction, that the action is brought in the right place and that plaintiff is entitled to relief if plaintiff's allegations are true.  It must contain a request for particular relief.  Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is

1   legally required to do that causes the alleged deprivation).

2       In an amended complaint, the allegations must be set forth in numbered paragraphs.  Fed.

3   R. Civ. P. 10(b).  Plaintiff may join multiple claims if they are all against a single defendant.

4   Fed. R. Civ. P. 18(a).  If plaintiff has more than one claim based upon separate transactions or

5   occurrences, the claims must be set forth in separate paragraphs.  Fed. R. Civ. P. 10(b).

6       The federal rules contemplate brevity.  *See Galbraith v. County of Santa Clara*, 307 F.3d

7   1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any

8   heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P.

9   84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading).

10      Plaintiff's claims must be set forth in short and plain terms, simply, concisely and

11  directly.  *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting

12  point of a simplified pleading system, which was adopted to focus litigation on the merits of a

13  claim.");  Fed. R. Civ. P. 8.

14      Plaintiff must eliminate from his pleading all preambles, introductions, argument,

15  speeches, explanations, stories, griping, vouching, evidence, attempts to negate possible

16  defenses, summaries, and the like.  *McHenry v. Renne*, 84 F.3d 1172, 1177-78 (9th Cir. 1996)

17  (affirming dismissal of § 1983 complaint for violation of Rule 8 after warning); *see Crawford-El*

18  *v. Britton*, 523 U.S. 574, 597 (1998) (reiterating that "firm application of the Federal Rules of

19  Civil Procedure is fully warranted" in prisoner cases).

20      To state a claim against a supervisor who did not personally inflict the injury alleged,

21  plaintiff must allege the supervisor (1) caused others to act, or knowingly refused to stop them

22  from acting, knowing or having reasonable cause to know they would inflict injury; (2) approved

23  such conduct and injury after the fact; or (3) so failed to train or control subordinates to avoid

24  such injury as to demonstrate reckless or callous indifference to constitutional injury.  *Redman v.*

25  *County of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc);  *Taylor v. List*, 880 F.2d

26  1040, 1045 (9th Cir. 1989); *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir.1989); *Johnson v.*

1    *Duffy*, 588 F.2d 740, 743 (9th Cir. 1978); *see also*, *Jones v. Williams*, 297 F.3d 930, 937 & fn. 4

2    (9th Cir. 2002).

3            The court (and defendant) should be able to read and understand plaintiff's pleading

4    within minutes.  *McHenry*, 84 F.3d at 1179-80 A long, rambling pleading including many

5    defendants with unexplained, tenuous or implausible connection to the alleged constitutional

6    injury, or joining a series of unrelated claims against many defendants, very likely will result in

7    delaying the review required by 28 U.S.C. § 1915 and an order dismissing plaintiff's action

8    pursuant to Fed. R. Civ. P. 41 for violation of these instructions.

9            If plaintiff's pleading is deficient on account of an omission or technical defect, the court

10   will not dismiss it without first identifying the problem and giving plaintiff an opportunity to

11   cure it.  *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000).  Plaintiff's pleading will be

12   construed "liberally" to determine if plaintiff has a claim but it will be dismissed if plaintiff

13   violates the federal rules, once explained, or the court's plain orders.

14           An amended complaint must be complete in itself without reference to any prior

15   pleading.  Local Rule 15-220; *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff

16   files an amended complaint, the original pleading is superseded.

17           By signing an amended complaint plaintiff certifies he has made reasonable inquiry and

18   has evidentiary support for his allegations and that for violation of this rule the court may impose

19   sanctions sufficient to deter repetition by plaintiff or others.  Fed. R. Civ. P. 11.

20           A prisoner may bring no § 1983 action until he has exhausted such administrative

21   remedies as are available to him.  42 U.S.C. § 1997e(a).  The requirement is mandatory.  *Booth*

22   *v. Churner*, 532 U.S. 731, 741 (2001).  A California prisoner or parolee may appeal "any

23   departmental decision, action, condition, or policy which they can demonstrate as having an

24   adverse effect upon their welfare."  Cal. Code Regs. tit. 15, §§ 3084.1, *et seq*.  An appeal must

25   be presented on a CDC form 602 that asks simply that the prisoner "describe the problem" and

26   "action requested."  Therefore, this court ordinarily will review only claims against prison

1  officials within the scope of the problem reported in a CDC form 602 or an interview or claims
2  that were or should have been uncovered in the review promised by the department.  Plaintiff is
3  further admonished that by signing an amended complaint he certifies his claims are warranted
4  by existing law, including the law that he exhaust administrative remedies, and that for violation
5  of this rule plaintiff risks dismissal of his entire action, including his claims against defendants
6  Fregoso and Barocio.

7        Accordingly, the court hereby orders that:

8        1.  Plaintiff's request to proceed *in forma pauperis* is granted.

9        2.  Plaintiff is must pay the statutory filing fee of $350 for this action and make an initial
10  payment of $.30.  All payments shall be collected and paid in accordance with the notice to the
11  Director of the California Department of Corrections and Rehabilitation filed concurrently
12  herewith.

13        3.  Claims against defendants Sisto, Singh, Terrazas, Dechant, or Cervantes are dismissed
14  with leave to amend.  Within 30 days of service of this order, plaintiff may amend his complaint
15  to attempt to state cognizable claims against these defendants.  Plaintiff is not obliged to amend
16  his complaint.

17        4.  The allegations in the pleading are sufficient at least to state cognizable claims against
18  defendants Fregoso and Barocio.  *See* 28 U.S.C. § 1915A.  With this order the Clerk of the Court
19  shall provide to plaintiff a blank summons, a copy of the pleading filed November 1, 2007, two
20  USM-285 forms and instructions for service of process on defendants Fregoso and Barocio.
21  Within 20 days of service of this order plaintiff may return the attached Notice of Submission of
22  Documents with the completed summons, the completed USM-285 forms, and three copies of
23  the November 1, 2007, complaint.  The court will transmit them to the United States Marshal for
24  service of process pursuant to Fed. R. Civ. P. 4.  Defendants Fregoso and Barocio will be
25  required to respond to plaintiff's allegations within the deadlines stated in Fed. R. Civ. P.
26  12(a)(1).  In this event, the court will construe plaintiff's election to proceed forthwith as consent

to an order dismissing his defective claims against defendants Sisto, Singh, Terrazas, Dechant, or Cervantes without prejudice.

Dated:  December 5, 2007.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9             FOR THE EASTERN DISTRICT OF CALIFORNIA

10   ORLANDO PAYNE,

11            Plaintiff,                    No. CIV S-07-1913 WBS EFB P

12        vs.

13   D. SISTO, et al.,

14            Defendants.           NOTICE OF SUBMISSION OF DOCUMENTS

15   _____/

16        Plaintiff hereby submits the following documents in compliance with the court's order

17   filed _____:

18            ___1___        completed summons form

19            ___2___        completed forms USM-285

20            ___3___        copies of the _November 1, 2007_
                                          Complaint
21

22   Dated:

23                              _____
                                          Plaintiff
24

25

26

                                       7